IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION., <br> 214 Massachusetts Ave. N.E. <br> Washington, D.C. 20002 <br><br> MIKE HOWELL <br> 214 Massachusetts Ave. N.E. <br> Washington, D.C. 20002 <br>　　　　　　　*Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY <br> 2707 Martin Luther King Jr., Ave., S.E. <br> Washington, D.C. 20528 <br><br>　　　　　　　*Defendant*. | Case No. 22-cv-1969 |

**COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Heritage") for their complaint against Defendant DEPARTMENT OF HOMELAND SECURITY ("DHS") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of records related to DHS's use of a program, Babel X, to surveil some unknown segment of the American public. Limited information about Babel X is publicly available. What is known is that it scrapes (retrieves and copies) data both from online sources and from "apps" running on the smartphones and other devices of billions of individuals

1

worldwide.  That data can then be aggregated and dynamically searched by any number of keywords and in many languages.

2. The purpose for which the Federal Government utilizes these types of programs has long been the subject of debates over privacy and government surveillance.  Today, Plaintiffs simply seeks to know more about the Government's use of one such program.  Plaintiffs have exhausted their administrative remedies and have no recourse but to file this lawsuit.

## PARTIES

3. Plaintiff, The Heritage Foundation is a Washington, D.C.-based nonpartisan think tank with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense."  Heritage Foundation, *About Heritage*, https://www.heritage.org/about-heritage/mission (last visited July 7, 2022). Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public.  Heritage operates a national news outlet, *The Daily Signal*.

4. Plaintiff Mike Howell heads the Heritage Foundation's Oversight Project and is an author for *The Daily Signal*.  The Oversight Project is an initiative aimed at obtaining information via Freedom of Information Act requests and other means in order to best inform the public and Congress for the purposes of Congressional oversight.  The requests and analysis of information is informed by Heritage's deep policy expertise.  For example, former Acting Customs and Border Protection Commissioner Mark Morgan and former Acting Immigration and Customs Enforcement Director Tom Homan are Visiting Fellows with The Heritage

Foundation and draw on their experience and expertise to analyze information. They also use their broad public engagement to inform the general public.

5. Defendant DHS is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission statement is "[w]ith honor and integrity, we will safeguard the American people, our homeland, and our values." *Department of Homeland Security, About DHS*, https://www.dhs.gov/mission (last visited July 7, 2022).

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant DHS's principal place of business is in the District of Columbia.

## FACTUAL BACKGROUND

8. Babel X is a product sold by the firm Babel Street. Only limited information is available regarding Babel Street and this product.

9. Babel Street's website lists the headline function of Babel X as: "Discover and decipher geographically diverse, multilingual data into actionable insights in real time." *See* https://www.babelstreet.com/platform/babel-x#contact (last visited July 7, 2022). The product is further described as follows:

> Babel X enables teams to derive relevant insights by canvassing the world of publicly available and commercially available information across more than 200 languages and then filtering by a wide range of analytical lenses including geospatial, temporal, link analysis, public records search, sentiment, and topics of interest. All insights are presented on a single pane of glass for analysis and collaboration across teams.

*Id.* The website then gives a series of more specific uses for the platform:

3

- **"Conduct persistent cross-lingual search** and discovery across multiple data sources with advanced statistical and crowd-sourcing techniques." *Id.*
- **"Decipher relevant insights across 200+ languages** with state-of-the-art, linguistics technology." *Id.*
- **"Perform sentiment analysis** in 50+ major world languages." *Id.*
- **"Filter by a wide range of variables** including keywords, hashtags, language, authors, emojis, dates/times, regular expression." *Id.*
- **"Conduct ad-hoc research** for in-depth insight on entities." *Id.*
- **"Analyze themes, entities, and categories** as well as detect relationships." *Id.*
- **"Power your mission** by integrating all available data on a single platform." *Id.*

10. As explained by *The Washington Post*, the Babel X software allows Babel X to "scrape" (retrieve and copy) data from any number of sources that are technically public. Aaron Greg, *For this Company, Online Surveillance Leads to Profits in Washington's Suburbs*, Wash. Post (Sept. 10, 2017). Sources appear to include any number of social media sites and programs as well as data collected every day "in the background" by "apps" on billions of smartphones and other devices worldwide. *Id.* This collection is continuous and on a huge scale. As Babel Street founder Jeff Chapman put it, "[t]here are billions of smartphones on the planet. . . . All you have to do is listen to them." *Id.* (internal quotation omitted).[1] That data in turn is then aggregated and analyzed by the Babel X program. Keyword searches can then be run dynamically across the data as frequently as desired and in many languages (even "emoji"). *Id.* For example, a police department investigating a crime in a neighborhood could search for and then review social media posts in that neighborhood at a certain time. *Id.*

11. *The Washington Post* reported that starting in at least 2017, privacy advocates raised concerns with Babel X. *Id.* Babel Street in turn commented that they have stringent controls in place and in fact give less data to users with "arrest powers" due to privacy concerns. *Id.*

---

[1] Babel Street clarified to *The Washington Post* that it does not actually listen to phone calls. *Id.*

12. The Babel X product appears to be widely used by law enforcement. For example, in 2019, the Department of Justice granted Babel Street a $5 million contract with an option for up to $27 million for Babel X licenses. Aaron Schaffer, *The FBI is Spending Millions on Social Media Tracking Software*, Wash. Post (Apr. 5, 2022). This contract provides for the FBI to received 5,000 licenses for the Babel X product. *Id.* The relevant contracting documents indicate that the FBI solicited for a product that was able to gather and analyze information from the dark web and a number of common applications, such as Twitter, Facebook, YouTube, and Snapchat. *Id.* The FBI expects to run 20,000 discrete keyword searches a month through the collected data. *Id.* The FBI contracting documents stated that the FBI's "intent" was to look at past events, but that "predictive analytics" that would allow the FBI to "point to possible actions of a subject or group" were "desirable." *Id.* (internal quotation marks omitted).

13. Some privacy advocates suggest these searches will be run as often as every 8 minutes. Tim Cushin, *The FBI Wants to be Your Facebook Friend*, TechDirt (Apr. 14, 2022).

14. This contract drew substantial concern from privacy advocates who fear the Babel X tool will be used for suspicionless monitoring of individuals who are disfavored by the current Administration or will result in the government taking action on incomplete and ultimately inaccurate information derived from social media.[2] *See* Brian Stone, *FBI Investing Millions in Software to Monitor Social Media Platforms*, Tech Republic (Apr. 6, 2022); Aaron Schaffer, *The FBI is Spending Millions on Social Media Tracking Software*, Wash. Post (Apr. 5, 2022).

---

[2] Social media structurally often does not permit nuance and in some platforms language that is controversial or provocative by design is the norm.

15. DHS has purchased and continues to purchase a large number of Babel X products and uses those products for a variety of functions. It appears from usaspending.gov the Babel X license are used for the advertised applications discussed, *supra* ¶¶ 9–10. *See, e.g.*, Award 70T02021F7554N002, *found at* https://www.usaspending.gov/award/CONT_AWD_70T02021F7554N002_7013_HSHQDC12D00013_7001 (last visited July 7, 2022). Heritage understands DHS uses Babel X to monitor unknown entities, groups, and individuals in a manner similar to that of the FBI.[3]

**PLAINTIFF'S FOIA REQUEST**

16. On April 18, 2022, Plaintiffs filed a FOIA request via PAL seeking three categories of information relating to DHS and Babel Street Products. *See* FOIA Request (Apr. 18, 2022) (the "Request" or Plaintiffs' FOIA Request") (Ex. 1).

17. *First*, the Request sought all documents and communications from January 21, 2021 to March 31, 2022 containing: (1) the terms "Babel"; Babel X"; "Babel Street"; or

---

[3] In March of 2020 a press report revealed that DHS components U.S. Customs and Border Protection as well as the Secret Service and U.S. Immigration and Customs Enforcement were utilizing a Babel Steet program called "Locate X." Charles Levinson, *Through App, Not Warrants, "Locate X Allows Federal Law Enforcement to Track Phones*, Protocol (Mar. 5, 2020) ("Protocol Article"). The report revealed that little was publicly known about the "Locate X" product which at the time Babel Street neither advertised nor listed on public facing documents. *Id.* It also reported that no one knows exactly what DHS used (or uses) Locate X for. *Id.*

The Protocol Article cited a source who explained that Locate X can be used to track individuals to some (unknown) extent such as by example seeing what devices were around an address at a certain time, and then tracking where else those devices then went. According to the sources Locate X did this by culling location data collected by "apps" from billions of smartphones and other devices many times a day in order to enable "app" features. *Id.* According to Terms of Use published by the General Services Administration, data from Locate X "may not be used as the basis for any legal process in any country, including as the basis for a warrant or subpoena, or any other legal or administrative action." *Id.* Nor may the data even be "cited in any court/investigation-related document." *Id.*

It is not clear whether Babel X incorporates the location data functions provided by the Locate X product.

"Panamerica"; and (2) that originated from the Office of the Chief Information Officer or a list of senior DHS officials. *Id.* at 1–2.[4]

    18.    *Second*, from January 21, 2022 to March 31, 2022 "any emails to or from" the individuals listed *supra* n. 4 "to anyone whose domain ends in @babelstreet.com." *Id.* at 1.

---

[4] The list is: "Immediate Office of the Secretary

- Alejandro Nicholas Mayorkas– Secretary of Homeland Security
- Kristie A. Canegallo—Chief of Staff
- Jeffrey Michael Rezmovic—Deputy Chief of Staff
- Alexandra Fox—Scheduler
- Samantha E. Vinograd—Senior Counselor for National Security
- Tim Maurer—Senior Counselor for Cybersecurity and Emerging Technology
- Isabella F. Ulloa—Counselor
- Milton R. Patch III—Special assistant
- Saraswati Shah—Special assistant
- Lt. Mike H. Wu—Military assistant to the secretary
- Cass R. Sunstein—Senior Counselor
- David D. Gersten—Ombudsman for Immigration Detention (Acting)
- Charanya Krishnaswami—Senior Counselor for Immigration
- Steven Feder—Chief of Protocol and Director of Scheduling and Advance
- Phillip M. Thompson—White house Liaison
- Nikhil A. Patel—White house fellow

DHS Office of Intelligence and Analysis (I&A)

- John D. Cohen—Under Secretary and Chief Intelligence Officer (Acting)
- Kenneth L. Wainstein—Under Secretary and Chief Intelligence Officer (Designate)
- Michelle Wright—EA
- Trishia Cathey-Blomquist—EA
- Amy Uislet—EA
- Eric Sanders—Chief Information Security Officer
- Tina W. Gabbrielli—Director, Counterintelligence
- Kevin Saupp, Director, Partner Engagement
- Lara Ballard, Privacy Officer
- Larry Eppenstein, Program Manager
- Robin Taylor, Deputy Under Secretary for Intelligence Enterprise Operations
- Robert Hale, Counterintelligence Program Management"

*Id.* at 2–3.

19. *Third*, from January 21, 2021 to April 11, 2022, "[a]ll I&A records and communications regarding the procurement, award and implementation of the award to PANAMERICA COMPUTERS, INC. regarding award 70T02021F7554N002." *Id.* at. 1–2.

20. The Request also sought a fee waiver based on Heritage's status as a non-profit and the fact that a purpose of the Request was to allow Heritage and Mike Howell to gather information on a matter of public interest for use by (among other things) authors of its publication, *The Daily Signal*, which is a major news outlet. *Id.* at 3–4.

### DHS's Failure to Adhere to Statutory Timelines

21. On May 19, 2022 DHS sent an acknowledgement receipt which provided the tracking number, 2022-HQFO-00905, stated DHS received the request on April 19, 2022, and made findings of "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B) regarding the Request. Acknowledgement Letter, FOIA Request 2022-HQFO-00905 (May 19, 2022) (Ex. 2).

22. 30 working days from April 19, 2022 is June 1, 2022.

23. On June 13, 2022, Plaintiffs received an email from foia@hq.dhs.gov, asking Heritage if they were willing to narrow the Request because CIO conducted a search and the results came back at 2.1 GB. Email from foia@hq.dhs.gov to OversightProject@heritage.gov (June 13, 2022, 4:35 PM EST). Plaintiffs replied back on the same day, stating they are interested in all of it. Email from OversightProject@heritage.org to foia@hq.dhs.gov (June 13, 2022, 5:02 PM EST) (Ex. 3).

### FIRST CLAIM FOR RELIEF
### Violation FOIA, 5 U.S.C. §552
### Failure to Conduct Adequate Searches for Responsive Records.

24. Plaintiffs re-allege paragraphs 1–23 as if fully set out herein.

25. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration" Attorney General,

*Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022). Secretary of Homeland Security Alejandro N. Mayorkas has testified that "[o]ne of the hallmarks of our department is openness and transparency,"[5] and "[w]e pride ourselves on responsiveness."[6]

26. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

27. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

28. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

29. Defendant's failure to conduct searches for responsive records violates FOIA and the DHS regulations.

30. Plaintiffs have a statutory right to the information they seek.

31. Defendant is in violation of FOIA.

32. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

33. Plaintiffs have no adequate remedy at law.

---

[5] *Oversight of the Department of Homeland Security: Hearing Before the H. Comm on Jud.*, 117th Cong., CQ Transcript, at *27 (Apr. 28) (2022).
[6] *A Review of the Fiscal Year 2022 Budget Request for the Department of Homeland Security: Hearing Before the H. Comm. Homeland Sec.*, 117th Cong. 47 (June 17, 2021).

34. Plaintiffs have constructively exhausted their administrative remedies.

## SECOND CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

35. Plaintiffs re-allege paragraphs 1–34 as if fully set out herein.

36. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration" Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022). Secretary of Homeland Security Alejandro N. Mayorkas has testified that "[o]ne of the hallmarks of our department is openness and transparency,"[7] and "[w]e pride ourselves on responsiveness."[8]

37. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

38. Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

39. Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' FOIA Request.

40. Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

---

[7] *Oversight of the Department of Homeland Security: Hearing Before the H. Comm on Jud.*, 117th Cong., CQ Transcript, at *27 (Apr. 28) (2022).
[8] *A Review of the Fiscal Year 2022 Budget Request for the Department of Homeland Security: Hearing Before the H. Comm. Homeland Sec.*, 117th Cong. 47 (June 17, 2021).

41. Defendant's failure to provide all non-exempt responsive records violates FOIA and DHS regulations.

42. Plaintiffs have a statutory right to the information they seek.

43. Defendant is in violation of FOIA.

44. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

45. Plaintiffs have no adequate remedy at law.

46. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

    A. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

    B. Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

    C. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Request;

    D. Retain jurisdiction over this matter as appropriate;

    E. Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

F.   Grant such other and further relief as this Court may deem just and proper.

Dated: July 7, 2022											Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 99979)
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email:  samueledewey@sedchambers.com

*Counsel for Plaintiffs*